IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WILLIE BENJAMIN MYRICK, JR.**                                               **PETITIONER**

**V.**                              **CIVIL ACTION NO.3:15CV31 HTW-LRA**

**WARDEN B.E. BLACKMON**                                                  **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Myrick filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 on January 15, 2015. Myrick is a federal prisoner incarcerated in the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

Myrick was arrested by Georgia state authorities for violating his parole on November 10, 2010. On December 9, 2010, Myrick's parole was revoked and he was remanded to state custody to serve the remainder of his sentence. He was subsequently indicted on February 2, 2011, in the United States District Court for the Southern District of Georgia for Distribution of a Quantity of Cocaine (Counts 1 through 3) and Possession with Intent to Distribute 28 Grams of or More of Cocaine. On March 10, 2011, he was temporarily transferred to federal custody pursuant to a federal writ, where he remained through the expiration of his state sentence on March 17, 2012. On August 15, 2012, Myrick was sentenced by the United States District Court for the Southern District of Georgia to serve a 120-month term, with 5 years supervised release, in the custody of the

Bureau of Prisons ("BOP") to run consecutively to the revoked parole term. BOP credited Petitioner with time served from March 18, 2012 (the date he became exclusively a federal inmate) to August 14, 2012 (the date prior to the imposition of his federal sentence) for a total of 150 days of prior-custody credit.[1]

In his petition, Myrick asserts that the BOP has miscalculated his sentence in failing to award him credit for the entire time spent in custody. He contends that he is entitled to prior-custody credit for the "incarceration period from November 10, 2010 to March 18, 2012." The Government argues that Myrick is not eligible to receive prior-custody credit towards his federal sentence for time served on his parole-violation sentence because that would constitute double credit, contrary to the intent of Congress under 18 U.S.C. § 3585(b).

The United States Attorney General, through the Bureau of Prisons (BOP), "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone,* 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any

---

[1] ECF No. 8-2. The undersigned notes discrepancies in the record concerning the arrest date and the expiration of Petitioner's state sentence. The BOP's responses to Petitioner's request for administrative remedies indicates that he was arrested on November 6, 2010, and his sentence expired on March 8, 2012. ECF No. 1-1, pp. 6, 30. However, the booking form for the McDuffie County Sherriff's Office indicates that he was arrested on November 10, 2010, while the sentence computation report for the Georgia Department of Corrections indicates that his maximum release date was March 17, 2012. ECF No. 8-2, pp. 6, 11.

credit for time spent in custody prior to the commencement of the sentence, i.e., prior-custody credit. Section 3585 provides as follows:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Based on the plain language of the statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337. A defendant is entitled to credit for time in official detention *only* if it has not been credited against another sentence.

As noted *supra*, Myrick maintains that he should receive prior custody credit for the entire period between the date of his state arrest and the commencement of his federal sentence (November 10, 2010 to March 18, 2012). He contends that the BOP erred in not giving him federal sentence credit for the time he served in state custody, or the time he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum*.

Myrick is only entitled to prior custody credit from March 18, 2012, through August 14, 2012. He is not entitled to federal credit for time served in state prison or

credited against his state sentence. If he were allowed federal credit for time spent serving a sentence imposed by the Georgia state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b).

Further, Myrick is not entitled to prior custody credit for the time he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum,* (March 10, 2011, through March 17, 2012). It is well-established in this Circuit that:

> . . . [I]f a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956); *Zerbst*, *supra*. The state court has not lost its right to prosecute, convict, and sentence the defendant.

*Causey v. Civiletti*, 621 F.2d 691, 693 (C.A. Fla., 1980). "The logic behind this rule is that the writ merely 'loans' the prisoner to federal authorities, and the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156, at *2 (5th Cir. Mar. 1, 2001) (per curiam ).

Despite his assertions, Myrick was in the primary custody of the State of Georgia following his parole revocation. Although transferred to the Southern District of Georgia pursuant to the writ of habeas corpus *ad prosequendum* on March 10, 2011, the State of Georgia retained primary jurisdiction until his state sentence expired on March 17, 2012. *Washington v. Chandler*, 533 F.App'x 460 (5th Cir. 2013). He is not entitled to any additional credit towards his federal sentence for any time prior to March 18, 2012,

4

because that time was served and credited towards his state parole violation sentence. *Dominguez*, 251 F.3d 156, at *2 ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for that time on his state sentence."). The BOP is expressly prohibited from awarding credit for prior custody which has already been credited against another sentence under § 3585(b).

Lastly, Myrick contends the BOP failed to consider "all possible scenarios to credit this time, whether it be prior time credit, *nunc pro tunc*, and/or Willis/Kayfez credit."[2] *See Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288, 1289–90 (7th Cir. 1993). As discussed herein, Petitioner is not entitled to habeas relief based upon the BOP's refusal to apply double credit to his sentence. Neither *nunc pro tunc* nor the *Willis/Kayfez* exceptions to § 3585(b)'s double credit prohibition is applicable in this case.

A "nunc pro tunc" designation allows the BOP to designate a state institution as the place for service of a federal sentence. "The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently." *Wright v. Hogsten*, Civil Action No. 10-58–GFVT, 2010 WL 1995011, at *5, n. 5. (E.D. Ky., May 19, 2010). Here, there can be no dispute that Myrick's sentence was imposed and expired before his federal sentence commenced. "[A] federal sentence cannot commence prior to the date it

---

[2] ECF No. 1, p. 7.

is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder,* 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980)). To the extent Myrick contends that his federal sentence should commence on his November 10, 2010 arrest date, he is mistaken.

Likewise, Petitioner's reliance upon *Kayfez* and *Willis* is misplaced. These exceptions to § 3585(b) "apply in cases in which a federal sentence has been ordered to run ***concurrently*** with a state sentence that has already been credited with presentence detention time, but the state credits will be of 'no benefit' to the federal prisoner because they will not shorten the overall time he spends incarcerated." *Bradley v. Rathman*, No. 1:10-CV-3053-VEH-RRA, 2012 WL 3999861, at *3 (N.D. Ala., Aug. 20, 2012) (emphasis added). *See also Robinson v. Pearson*, No. 5:09-CV-00032-DCF-MTP, 2010 WL 3420734, at *2 (S.D. Miss., 2010) (*"Kayfez* is of no avail to Petitioner because it does not permit federal credit for time served 'after the state sentence was imposed but before the federal sentence was pronounced.'") (quotation omitted); *but see Elwell v. Fisher,* 716 F.3d 477, 485 (8th Cir. 2013) (explaining that *Willis* line of cases was "based on the prior and now-repealed Code section —§ 3568— that permitted the 'double crediting' of pre-trial detention time for state and federal purposes," but Congress has since "repealed § 3568 and incorporated it into § 3585(b) with the addition of an express prohibition on double crediting."). By its express terms, the federal sentencing order in this case provided that Myrick's "term of imprisonment shall be served ***consecutive*** to the revoked parole term the defendant is serving in McDuffie County (Georgia) Superior

Court, Docket Number 00CR0498)."[3] As Respondent notes, applying *Willis/Kayfez* credit to his sentence would be contrary to the federal sentencing court's intent.

In sum, Petitioner is not entitled to have the time spent in custody pursuant to the writ applied towards the satisfaction of his federal sentence under § 3585 (b). Myrick's claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that Respondent's motion to dismiss be granted, and the petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

---

[3] ECF No. 8-2, p. 24. (Emphasis added).

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on September 6, 2017.

s/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE